admissions, and that they were properly admitted in evidence against him, and cited *Church* agt. *Sanders*, (10 *Wend.* 79,) *Hopkins* agt. *Mollineaux*, (4 *id.* 465,) *Darcy* agt. *The Chemical Bank*, (2 *Hall*, 45,) *Fenner* agt. *Lewis*, (10 *J. R.* 38,) *Riley* agt. *Suydam*, (4 *Barb.* 222,) *Emmerson* agt. *Blander*, (1 *Esp. Rep.* 142,) *Gregory* agt. *Parker*, (1 *Campl. N. P.* 364,) *Williams* agt. *Johnson*, (1 *Stra.* 504, and 527.)

---

## SUPREME COURT.

### CUSHMAN and another agt. JOHNSON.

The legislature has the right of conferring, upon a proper person, the power formerly exercised by *supreme court commissioners*, notwithstanding the abolition of the office by that name, existing at the time of the adoption of the constitution of 1846.

But this right does not extend to *proceedings supplementary to an execution*, issued on a judgment recovered in the supreme court, except expressly directed by the constitution.

In the absence of any such express direction, the legislature has no right to authorize the city judge of Brooklyn to exercise complete jurisdiction in a cause pending in the supreme court, or a judge of any one court to exercise complete jurisdiction in a cause pending in another court.

Proceedings supplementary to execution are in no sense identical with ordinary *chamber business;* they are of a special and higher nature—a substitute for an action in chancery; and the jurisdiction over them brings with it the power to punish for contempt—a power with which a supreme court commissioner, as such, was never invested.

Cushman and another agt. Johnson.

Therefore, these judicial functions cannot be transferred to persons not judges of the court in which the proceedings are pending, except by express authority of the constitution, as in the case of *judges of the county courts*. (*Const. Art.* 6, § 14.)

The legislature, in conferring upon the city judge of Brooklyn (*Laws* 1849, *p.* 174,) the "powers of a justice of the supreme court at chambers," has not thereby conferred jurisdiction over supplementary proceedings in actions pending in the supreme court, even if the authority had been directly given to the legislature by the constitution to confer such judicial functions.

*New-York Special Term, March,* 1857.

CLERKE, Justice. After the recovery of judgment against the defendant in this action, proceedings supplementary to the execution, pursuant to chapter 2, title 9 and part 2 of the Code, were instituted before the city judge of Brooklyn, who cited the defendant to appear before him for examination; after the examination, appointed a receiver; and subsequently for an alleged contempt, granted an order requiring the defendant to show cause why an attachment should not issue against him. This is an application to vacate those orders, on the ground that the judge had no jurisdiction to entertain proceedings supplementary to an execution, issued on a judgment recovered in this court.

It is claimed that this power was conferred by the 26th section of the act of 1849, organizing the city court of Brooklyn. (*Laws of* 1849, *p.* 174.) The language of the section is, " He (the said city judge) may exercise, within the county of Kings, all *the powers of a justice of the supreme court at chambers,* and perform all such duties, and do all such acts as might have been done or performed by the laws in force on the 12th of May, 1847, by the judges of the court of common pleas, or by any one or more of them at chambers, or otherwise when not holding court, or by any such judge, being of the degree of counsellor of the supreme court, and acting as a supreme court commissioner."

I. The legislature, no doubt, by this enactment, intended to confer upon the city judge, at least the powers formerly possessed by supreme court commissioners. But it is contended

that, under our present constitution, the legislature is disqualified from conferring such powers.

The office of supreme court commissioner was abolished, together with that of chancellor, the then existing supreme court, &c., from and after the first Monday of July, 1847. (*Article* 14, § 8, *of the Constitution of* 1846.)

The office, then existing, of supreme court commissioner was plainly abolished by this section, and the term of every person holding that office expired at the time mentioned in it; but, does it *per se* interdict the legislature from conferring similar powers, under the new judiciary system established by that constitution? It is quite evident that it prohibits them, although not in direct words, from re-establishing the office of chancellor or vice-chancellor, or any office, whatever may be its name, possessing the same character of jurisdiction; for their establishment would be evidently inconsistent with the system provided in article 6. But, does the prohibition extend to certain subordinate judicial powers which the legislature had, previously to the present constitution, bestowed upon persons who were not judges of the court in which the proceedings were pending.

The office of supreme court commissioner was in existence when the constitution of 1821 was adopted; and that constitution contains nothing limiting the power of the legislature in that respect; it not only does not contain any express prohibition to that effect, but, indirectly at least, it recognizes the office. The constitution of 1846 is much more minute in its provisions relative to the organization of courts, and to judicial authority; but, I am inclined to think, if it was intended, in the face of long-established usage and manifest convenience, that the powers of a judge at chambers should be confined to the judges of the court in which the action was instituted, an express provision to that effect would have been inserted in the constitution. The bare abolition of the office of supreme court commissioner, as it formerly existed, is not of itself sufficient to restrain the legislature.

Legislative power in each state is unlimited, except where it is expressly restricted by the state or the national constitu-

tion, or where it would be obviously incongruous with the general scheme or special provisions of either. I can see no greater incongruity in the right to confer the authority ordinarily exercised by a judge at chambers upon any other officer, notwithstanding that the office of supreme court commissioner is abolished, than in the right to refer a matter to any competent person, notwithstanding that the office of master in chancery is abolished. On the contrary, § 5 of article 6 may perhaps be considered as evidence of an intention to leave the power as it theretofore existed. The section provides that "the legislature shall have the same powers to alter and regulate the jurisdiction and proceedings in law and equity as they have heretofore possessed." This, indeed, would not be sufficient to enlarge the powers of a legislative body, created with a specific capacity, and limited, like that of the general government, within a prescribed sphere, either expressly delineated or necessarily inferred; but I hold it to be a satisfactory indication, that it was not intended to curtail the general authority of the legislature, in relation to judicial proceedings, or to prohibit it from making regulations which, for a long series of years, it had been accustomed to make.

I am, therefore, of opinion, in the absence of any express provision to the contrary, that the legislature retains the right of conferring the power formerly exercised by supreme court commissioners, notwithstanding the abolition of the office by that name, existing at the time of the adoption of the constitution of 1846.

II. But I consider, nevertheless, that the right does not extend to proceedings supplementary to an execution, issued on a judgment recovered in the supreme court. It is quite certain that the legislature has not the right to authorize the city judge of Brooklyn to exercise complete jurisdiction in a cause pending in the supreme court, or a judge of any one court to exercise complete jurisdiction in a cause pending in another court, except where expressly directed by the constitution; because, although there is no positive prohibition on that subject, it would be repugnant to the whole scope and scheme of the sixth article of that instrument. Such a power would be of the es-

Cushman and another agt. Johnson.

sence of judicial functions, and can be conferred only upon the judges of the court in which the action is pending.

The ordinary chamber business, formerly delegated to persons not judges of the court, consisted of proceedings collateral and incidental, and of a minor and practical description—not involving the merits—and never imparting the power to punish for a contempt. It was in a great measure ministerial, and, at best, *quasi*-judicial.

Proceedings supplementary to execution are in no sense identical with ordinary chamber business; they are of a special and higher nature; they are regarded as a substitute for an action in chancery; and the jurisdiction over them brings with it a power to punish—a power with which a supreme court commissioner, as such, was never invested. These, therefore, are of the essence of the judicial functions, and cannot be transferred to persons not judges of the court in which the proceedings are pending; and it would not have been competent for the legislature to have conferred this jurisdiction on the judges of county courts, had it not been expressly authorized by § 14 of article 6 of the constitution.

III. Further, I am of opinion that, even if the legislature possessed this right, they have not, by the act, conferred on the city judge of Brooklyn jurisdiction over supplementary proceedings in actions not pending in his own court. The words " powers of a justice of the supreme court at chambers " comprise merely the ordinary chamber business, and do not embrace supplementary or special proceedings of any description; they are not specific and positive enough to confer on him general and continuing control over the subject; and, if it is a sound maxim that " an inferior court shall not be presumed to have jurisdiction where it does not expressly appear to have one," this is especially applicable to a mere commissioner, in no respect, as such, constituting a court, who claims to exercise the important and extraordinary authority over the liberty and property of citizens, which the jurisdiction over proceedings supplementary to execution confers.

The proceedings before the city judge must be vacated.